IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARCUS JARROD PAYNE,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 3:22-cv-2926-M |
| **THE ANTHONY SCOTT LAW FIRM, PLLC, et al.** § | |
| § | |
| *Defendants.* § | |

### DEFENDANTS THE ANTHONY SCOTT LAW FIRM, PLLC AND BRENDETTA ANTHONY SCOTT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW Defendants, The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott ("Ms. Scott") (collectively, the "Scott Defendants"), and file this Motion to Dismiss Plaintiff Marcus Jarrod Payne's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

As is explained more fully in the Scott Defendants' Brief in Support of Their Motion to Dismiss, filed contemporaneously herewith, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Plaintiff, proceeding *pro se* in this action, attempts to state claims against Ms. Scott and her law firm for their work in representing Defendant Stacy Eley, Plaintiff's ex-wife, in previous legal proceedings which were adversarial to Plaintiff. The Scott Defendants have never represented Plaintiff or had any sort of attorney-client relationship with Plaintiff. Accordingly, under Texas law and the doctrine of attorney immunity, Plaintiff cannot bring any claims against the Scott Defendants for discharging their duties to their client in previous proceedings.

Regardless of the Scott Defendants' immunity from suit here, Plaintiff's Complaint fails to state any claims upon which relief can be granted. Plaintiff attempts to bring Counts 1 – 4 of his Complaint under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-242. However, § 1983 applies only to

1

state actors, and does not apply to private citizens or entities such as Ms. Scott or her law firm. Moreover, 18 U.S.C. §§ 241-242 are statutes which provide for criminal penalties, and not for civil remedies for money damages. Finally, Count 5 of Plaintiff's Complaint for intentional infliction of emotional distress fails to allege any conduct which could be considered extreme and outrageous. For these reasons, all of Plaintiff's claims must be dismissed, with prejudice.

WHEREFORE, for the reasons set forth above, and in greater detail in the Scott Defendants' accompanying brief in support of this motion, the Scott Defendants respectfully requests that the Court grant their motion and dismiss Plaintiff's Complaint against them, with prejudice.

Dated this 26th day of January, 2023.

Respectfully Submitted,

*/s/ Melissa Dorman Matthews*
**MELISSA DORMAN MATTHEWS**
Texas Bar No. 00790603
melissa.matthews@steptoe-johnson.com
**DYLAN T. HUGHES**
Texas Bar No. 24129644
dylan.hughes@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
Dallas, Texas 75231
500 N. Akard St., Suite 3200
Dallas, Texas 75201
(214) 251-8005

**ATTORNEYS FOR DEFENDANTS THE ANTHONY SCOTT LAW FIRM, PLLC AND BRENDETTA ANTHONY SCOTT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument was served upon Plaintiff at the address below in accordance with the Federal Rules of Civil Procedure on this 26th day of January, 2023.

Marcus Jarrod Payne
1667 W. Campbell Road, #5418
Garland, TX 75044
(214) 791-6036
mmjpayne@gmail.com

                                         */s/ Melissa Dorman Matthews*
                                         Melissa Dorman Matthews