**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARCUS JARROD PAYNE,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-cv-2926-M** |
| | § | |
| **THE ANTHONY SCOTT LAW FIRM, PLLC, et al.** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS THE ANTHONY SCOTT LAW FIRM, PLLC
AND BRENDETTA ANTHONY SCOTT'S BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott ("Ms. Scott") (collectively, the "Scott Defendants") file this Brief in Support of Their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      INTRODUCTION**

Plaintiff Marcus Jarrod Payne, proceeding *pro se*, brought this civil action against Defendant Stacy Eley, his ex-wife, Ms. Scott, his ex-wife's attorney, and Ms. Scott's law firm. Plaintiff alleges multiple claims including violation of his First Amendment rights, conspiracy to violate his First Amendment rights, vicarious liability, "denial of access to courts," and intentional infliction of emotional distress ("IIED"). Plaintiff's first four claims are based on 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-242, and Plaintiff's fifth claim is a common law IIED claim. All of Plaintiff's claims against the Scott Defendants must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) due to the attorney immunity doctrine under Texas law, as all of Plaintiff's claims are based in the Scott Defendants' representation of Ms. Eley in previous proceedings which were adversarial to Plaintiff. The Scott Defendants have never represented Plaintiff or had any sort of

attorney-client relationship with Plaintiff. Therefore, under Texas law and the doctrine of attorney immunity, Plaintiff cannot bring a claim against Ms. Scott or her law firm for discharging their duties to their client, Ms. Eley.

Regardless of the Scott Defendants' attorney immunity in this case, each of Plaintiff's claims against the Scott Defendants fails to state a claim pursuant to Rule 12(b)(6). 42 U.S.C. § 1983 only applies to state actors and does not apply to private citizens such as Ms. Scott or Ms. Eley, or to private entities such as Ms. Scott's law firm. Also, 18 U.S.C. §§ 241-242 are statutes which provide for criminal liability, and not for civil remedies for money damages. Additionally, Plaintiff's Complaint fails to state a claim for intentional infliction of emotional distress under Texas law because it fails to allege any conduct which could be considered extreme and outrageous. Accordingly, as is set forth more fully below, the Scott Defendants respectfully request that Plaintiff's Complaint against them be dismissed, with prejudice.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff and Defendant Stacy Eley each sought a divorce from each other in May of 2019 in the 303rd Judicial District Court in Dallas County. The parties mediated their dispute and entered into an Agreed Final Decree of Divorce on December 2, 2019. In March of 2020, Plaintiff sued Ms. Eley for defamation and other torts in the 134th Judicial District of Dallas County based on a pre-divorce domestic dispute between the two.

Ms. Eley moved under Tex. R. Civ. P. Rule 91a to dismiss that action as groundless based on the release in the Agreed Final Decree of Divorce. The case was then transferred back to the divorce court, and plaintiff appealed the interlocutory transfer order. The Court of Appeals for the

---

[1] The following factual and procedural background is based in Plaintiff's allegations and in the decision of the U.S. Bankruptcy Court for the Northern District of Texas at Dallas. *See In re Payne*, No. 21-31735-SGJ-7, 2022 WL 17184549 (Bankr. N.D. Tex. Nov. 23, 2022).

Fifth District of Texas at Dallas dismissed Plaintiff's appeal and ordered Plaintiff to pay Ms. Eley's costs. The divorce court later granted Ms. Eley's motion to dismiss the defamation suit, awarding her $20,000 in attorney's fees and expenses. Plaintiff appealed that decision, and the Court of Appeals for the Sixth Appellate District of Texas at Texarkana affirmed the divorce court's ruling.

The divorce court also oversaw a post-divorce enforcement action, initiated by Plaintiff, regarding the entry of three Qualified Domestic Relation Orders ("QDRO") as required in the divorce decree – as part of this process, Plaintiff was ordered to pay 100% of the cost of the drafting and submission of the QDROs, as well as any state and federal taxes associated with his receipt of funds under them.

Plaintiff failed to prepare or pay for correct and functional QDROs as ordered, but did attempt to obtain entry of wholly defective QDROs that he prepared. Ms. Eley was forced to contest Plaintiff's motion for entry of three defective QDROs. She engaged trial counsel and hired a QDRO expert (former Associate Judge W. Stephen Hernsberger) to draft correct QDROs, obtain pre-approval of same from the retirement plans, and testify as an expert witness at the April 15, 2020 contested hearing on entry of the QDROs. After Ms. Eley moved for and obtained entry of her correctly-drafted QDROs and moved for an award of legal fees and costs as permitted under Texas Family Code Chapter 9, Plaintiff initiated another meritless sanctions action against her. The divorce court found this action groundless, brought in bad faith and for purposes of harassment, and accordingly awarded Ms. Eley sanctions and attorney's fees.

The divorce court also awarded Ms. Eley attorney fees and costs in connection with Plaintiff's meritless attempts to enter defective and incorrect QDROs. The divorce court repeatedly sanctioned Plaintiff because of his serial meritless and frivolous objections to routine motions for entry of judgment conforming to the court's rendition awarding attorney fees to Ms. Eley. Of six

meritless appeals taken by Plaintiff, the Fifth and Sixth Texas Courts of Appeals dismissed four for want of jurisdiction, affirmed the trial court on one (denying Plaintiff's requested relief), and the sixth remains stayed due to Plaintiff's bankruptcy filing.

On September 28, 2021, Plaintiff filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas at Dallas. Ms. Eley, through her counsel Ms. Scott, then filed an adversary complaint with the bankruptcy court to collect on the debts owed her through the previous court orders and proceedings described above. Both parties filed for summary judgment on Ms. Eley's adversary complaint. The bankruptcy court granted partial summary judgment to both parties, holding that four of the six debts owed to Ms. Eley were non-dischargeable in Plaintiff's bankruptcy proceedings.

Ms. Eley, through Ms. Scott, then filed another adversary action in bankruptcy court for injunctive relief due to Plaintiff's harassment and attempts to introduce information that had been expunged.[2] The bankruptcy court granted a Permanent Injunction against Plaintiff, which Plaintiff then violated. Accordingly, Ms. Eley filed a motion for contempt. That motion was also granted.

Plaintiff then filed an appeal of the Permanent Injunction, which was promptly dismissed for lack of jurisdiction because the appeal was filed nearly four months late.  Then, Plaintiff filed a motion to vacate the Permanent Injunction, which was denied. Plaintiff appealed that order and continued to violate the Permanent Injunction. Plaintiff also filed a motion to recuse the federal bankruptcy judge, which was denied.

This lawsuit arises from Defendants' participation in the underlying proceedings described above.

---

[2] The second adversary Complaint bears Case No. 22-03058, which was consolidated into Adversary Case No. 22-03030.

III.   <u>**ARGUMENT**</u>

A.   **Plaintiff's claims against the Scott Defendants are barred by the doctrine of attorney immunity.**

Plaintiff's claims against the Scott Defendants, which are all based in their representation of Ms. Eley in legal proceedings which were adversarial to Plaintiff, must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

The doctrine of attorney immunity under Texas law "'stem[s] from the broad declaration . . . that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Troice v. Proskauer Rose, LLP*, 816 F.3d 341, 346 (5th Cir. 2016) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). This doctrine is necessary "to avoid the inevitable conflict that would arise if [an attorney] were 'forced constantly to balance his own potential exposure against his client's best interest.'" *Id.* (quoting *Cantey Hanger*, 467 S.W.3d at 483). Interpreting Texas law, the *Troice* court held that the attorney immunity doctrine is "a true immunity from suit[,]" rather than just a defense to liability. *Id.* at 348.

The doctrine of attorney immunity provides that "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App. 2005, pet. denied)). The doctrine does not apply only where when the attorney's actions do not qualify as "the kind of conduct in which an attorney engages when discharging his duties to his client[,]" such as participation in a fraudulent business scheme with the client, or other acts which are "entirely foreign to the duties of an attorney." *Id.* at 482 (internal citations and quotes omitted). Additionally, the Texas Supreme Court has recently made clear that doctrine is not

limited to the context of litigation. *Haynes & Boone, LLP v. NFTD, LLC*, 20-0066, 2021 WL 2021453 at *10 (Tex. May 21, 2021).

In *Cantey Hanger*, the plaintiff sued opposing counsel for fraud and related claims, alleging that his ex-wife's attorneys made intentional misrepresentations in preparing a bill of sale on behalf of their client, inappropriately shifting tax liability onto him in violation of a divorce decree. *Cantey Hanger*, 467 S.W.3d at 484. The Texas Supreme Court recognized that regardless of whether the conduct violated the divorce decree, "'[t]he immunity focuses on the type of conduct, not on whether the conduct was meritorious in the context of the underlying lawsuit.'" *Id.* at 485 (quoting *Alpert*, 178 S.W.3d at 406). Ultimately, the Court held that the conduct at issue was exactly the type of conduct protected by the attorney immunity doctrine because it was "conduct in which an attorney engages to discharge his duties to his client[,]" and not "foreign to the duties of an attorney." *Id.*

Here, the Scott Defendants enjoy attorney immunity for the same reasons as the attorneys sued in *Cantey Hanger*. Ms. Scott and her law firm were engaged by Ms. Eley for representation in Plaintiff's bankruptcy proceedings. As part of that representation, Ms. Scott, on behalf of Ms. Eley, filed an adversary action to enforce Plaintiff's debts to her and moved the bankruptcy court for a Permanent Injunction based on Plaintiff's conduct. The bankruptcy court's grant of partial summary judgment to Ms. Eley, and its grant of the Permanent Injunction, are the very reasons for Plaintiff's present lawsuit against Defendants.

Ms. Scott's representation of Ms. Eley in the adversary action, and her request for a Permanent Injunction on behalf of her client, are precisely the types of conduct "in which an attorney engages to discharge [her] duties to [her] client." *Cantey Hanger*, 467 S.W.3d at 482. Nothing about Ms. Scott's representation of Ms. Eley involved conduct which was "foreign to the

duties of an attorney[,]" and for those reasons, Ms. Scott and the law firm enjoy attorney immunity from suit in this case. Plaintiff's Complaint against the Scott Defendants should be dismissed for failure to state a claim pursuant to Rule 12(b)(6), with prejudice.

**B.      Plaintiff's Complaint fails to state a claim upon which relief can be granted regardless of the attorney immunity doctrine.**

Even if the Court finds that the Scott Defendants do not enjoy attorney immunity in this case, Plaintiff's allegations fail to state any claims upon which relief can be granted pursuant to Rule 12(b)(6). Counts 1 – 4 of Plaintiff's Complaint all attempt to assert that the Scott Defendants are liable under "42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242." Count 5 attempts to state a claim for intentional infliction of emotional distress ("IIED"). As explained below, all of these claims fail and should be dismissed with prejudice.

**1.      Plaintiff's § 1983 Claims**

First, 42 U.S.C. § 1983, which provides civil remedies for violations of civil rights, does not apply here. To state a claim under § 1983, the plaintiff "must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994)). For a private citizen to be held liable under § 1983, "the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). Additionally, § 1983 claims which contain "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.*

Here, Plaintiff attempts to state his § 1983 claims by alleging that Ms. Scott is an "officer of the court" and therefore she acted "under color of state and federal law[.]" *See* Compl. Plaintiff further asserts, as conclusory allegations devoid of any specific facts, that Defendants "conspired

with the federal bankruptcy court" to cause Plaintiff harm. *Id.* This Court has dealt with almost this exact situation.

In *Dolenz v. Akin*, No. 3:95-CV-1605-P, 1997 WL 21388 at \*4 (N.D. Tex. Jan. 14, 1997), this Court dismissed a plaintiff's § 1983 claims against a judge, attorney, and the attorney's client where the plaintiff alleged that the three conspired to incarcerate him for contempt. The Court was faced with answering the question of whether the attorney could be considered a state actor for § 1983 purposes due to plaintiff's allegation that he was acting as "an officer of the court." *Id.* at 2. The Court concluded that the attorney could not be considered a state actor: "The law is clear that a private attorney who merely represents a client in a civil proceeding (like Defendant Boundy in this instance) does not act under the color of state law." *Id.* at \*3.[3] The Court also examined whether plaintiff had alleged a conspiracy between the attorney, client, and judge sufficient to sustain a § 1983 claim, and again, found that he had not. *Id.* Just as here, the plaintiff in *Dolenz* made conclusory allegations of a conspiracy between the three – the plaintiff alleged that defendants acted "in concert," "had a meeting of the minds," "conspired," and that the attorney and client "requested and urged" the judge to incarcerate the plaintiff for contempt. *Id.* at \*4-5. The Court found that the complaint contained "absolutely no allegations of an actual conspiracy between the three Defendants[,]" emphasizing that "[s]imply alleging a conspiracy between state and private actors, without alleging facts that suggest an agreement, is not enough to overcome a 12(b)(6) motion." *Id.* Accordingly, the Court found that plaintiff had failed to meet the threshold

---

[3] Notably, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Similarly, the Supreme Court of the United States has held that even a public defender appointed by the State does not act "on the State's behalf or in concert with it, but rather by advancing the undivided interests of his client[,]" which is a "private function[.]" *Polk County v. Dodson*, 454 U.S. 312, 318-19, 102 S.Ct. 445, 450 (1981).

§ 1983 requirement to show that defendants were acting under color of law, and dismissed his complaint with prejudice and without leave to amend. *Id.* at *3.

Here, Plaintiff's allegations are very similar to those in *Dolenz*. First, for the reasons explained in *Dolenz*, Plaintiff cannot successfully state a § 1983 claim against Defendants by asserting that Ms. Scott was acting as "an officer of the court[.]" Compl. Ms. Scott is a private attorney who asserted the interests of her client, Ms. Eley, rather than the interests of the State or any public body. *See Dolenz*, 1997 WL 21388 at *3 ("The law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law.").

Plaintiff's conspiracy allegations similarly fail to state any action by any of the Defendants. In support of his conspiracy allegations, Plaintiff alleges that Defendants are "co-conspirators" who acted "in collusion with the federal bankruptcy court" to cause Plaintiff harm. Compl. Plaintiff asserts that Ms. Scott "argued for" the Permanent Injunction, and that "[t]he federal bankruptcy court then conspired with Defendants herein by granting the Permanent Injunction[.]" *Id.* Just as in *Dolenz*, Plaintiff's Complaint contains "absolutely no allegations of an actual conspiracy" between Defendants because it makes conclusory allegations of a conspiracy with no facts that suggest an agreement. *Dolenz*, 1997 WL 21388 at *4-5.

For the reasons set forth above, Plaintiff's § 1983 claims fail to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiff is not entitled to any relief or damages, punitive or otherwise, under § 1983. Therefore, the Scott Defendants respectfully request that such claims against them be dismissed, with prejudice.

2.      **Plaintiff's 18 U.S.C §§ 241-242 Claims**

Plaintiff also attempts to assert through Counts 1 – 4 of his Complaint that Defendants are liable to him under 18 U.S.C. § 241 and § 242. These statutes contain criminal penalties for the

deprivation of rights guaranteed by the Constitution or federal law if done by conspiracy or state action, respectively. *See* 18 U.S.C. §§ 241-242. The law is clear that Sections 241 and 242 do not provide for civil remedies or a private cause of action. *See, e.g., Sanders v. Schulze*, No. 3:15–CV–89–N, 2015 WL 5547630 at *3 (N.D. Tex. Aug. 31, 2015) (dismissing complaint because federal criminal statutes "do not create a private right of action[,]" and specifically, Section 241 "does not provide for civil remedies."); *Scott v. Sims*, No. 3–01–CV–1741–P, 2001 WL 1172180 at *2 (N.D. Tex. Sept. 28, 2001) ("[P]laintiff cannot sue under 18 U.S.C. §§ 241 & 242. Violations of these criminal statutes do not give rise to a private cause of action."); *Gill v. State of Texas*, 153 Fed.Appx. 261, 262 (5th Cir. 2005) (same).

For these reasons, Plaintiff's claims under 18 U.S.C. § 241 and § 242 fail to state a claim upon which relief can be granted under Rule 12(b)(6), and the Scott Defendants respectfully request that the Court dismiss such claims, with prejudice.

### 3.      Plaintiff's IIED Claim

The final count in Plaintiff's Complaint, Count 5, attempts to state a claim against defendants for intentional infliction of emotional distress ("IIED"). As explained above, because this claim is based in the Scott Defendants' representation of Ms. Eley, it must be dismissed due to the doctrine of attorney immunity. Regardless, however, this claim fails because Plaintiff has failed to plausibly allege a claim for IIED under Texas law.

To state a claim for IIED under Texas law, "a plaintiff must prove that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Shah v. University of Texas Southwestern Medical School*, 54 F.Supp.3d 681, 706 (N.D. Tex. 2014). To meet the second element of that standard, Plaintiff "must

demonstrate that the defendant's conduct was 'beyond all possible bounds of decency,' 'atrocious,' and 'utterly intolerable in a civilized society.'" *Id.* (quoting *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002)). At the pleading stage of the case, "the court must decide 'whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" *Id.* (quoting *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex. 1993)). "Only when reasonable minds may differ is it for the jury" to decide whether the alleged conduct was sufficiently outrageous to result in liability. *Id.* (quoting *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex.1999)). In *Shah*, this Court dismissed a plaintiff's IIED claims under Rule 12(b)(6) because he failed to plead conduct that "borders on 'serious criminal acts,' or that was 'beyond all possible bounds of decency,' 'atrocious,' and 'utterly intolerable in a civilized society[.]'" *Id.*; *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005) (dismissing IIED claim for conduct that was "callous, meddlesome, mean-spirited, officious, overbearing, and vindictive[,]" while noting that "except in circumstances bordering on serious criminal acts, we repeat that such acts will rarely have merit as intentional infliction claims").

Plaintiff fails to allege any conduct on the part of the Scott Defendants which could be considered "beyond all possible bounds of decency," "atrocious," or "utterly intolerable in a civilized society." *Shah*, 54 F.Supp.3d at 706. Count 5 of Plaintiff's Complaint for IIED is completely based in the Scott Defendants' representation of Ms. Eley. For example, Plaintiff alleges that Defendants: used "multiple 1st Amendment-violating motions to censor and muzzle Plaintiff Payne for an entire year"; "[initiated] an Adversary Complaint lawsuit"; "[petitioned] the bankruptcy court" for attorneys' fees"; "[filed] multiple contempt motions"; and "[advocated] that Plaintiff Payne be wrongfully branded a 'vexatious litigant[.]" Compl. at p. 11.

Even taking all of Plaintiff's allegations as true in this case, none of these allegations could be considered so extreme and outrageous as to permit recovery for IIED. Plaintiff merely describes certain actions that the Scott Defendants took in their representation of Ms. Eley, albeit with his own characterization of those actions included in his allegations. Just as this Court decided in *Shah*, no reasonable person could regard Plaintiff's allegations here as "extreme and outrageous." *Shah*, 54 F.Supp.3d at 706. For these reasons, the Scott Defendants respectfully request that Plaintiff's IIED claim against them be dismissed, with prejudice, for failure to state a claim under Rule 12(b)(6).

## IV.   <u>CONCLUSION</u>

For the reasons explained above, each of Plaintiff's claims fails to state a claim upon which relief can be granted under Rule 12(b)(6). All of Plaintiff's claims against the Scott Defendants are based in their representation of his ex-wife, Ms. Eley, in federal bankruptcy court proceedings adversarial to him, and are therefore barred by the doctrine of attorney immunity. Regardless, Plaintiff's § 1983 claims fail because the Scott Defendants are not state actors, and Plaintiff's 18 U.S.C. § 241 and § 242 claims fail because those statutes do not permit a private cause of action. Finally, Plaintiff's IIED claim fails because he fails to allege any conduct which could be considered so extreme and outrageous as to permit any recovery. The Scott Defendants respectfully request that Plaintiff's Complaint against them be dismissed, with prejudice.

Dated this 26th day of January, 2023.

Respectfully Submitted,

*/s/ Melissa Dorman Matthews*
**MELISSA DORMAN MATTHEWS**
Texas Bar No. 00790603
melissa.matthews@steptoe-johnson.com
**DYLAN T. HUGHES**
Texas Bar No. 24129644
dylan.hughes@steptoe-johnson.com
**STEPTOE & JOHNSON PLLC**
Dallas, Texas 75231
500 N. Akard St., Suite 3200
Dallas, Texas 75201
(214) 251-8005

**ATTORNEYS FOR DEFENDANTS THE
ANTHONY SCOTT LAW FIRM, PLLC
AND BRENDETTA ANTHONY SCOTT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon Plaintiff at the address below in accordance with the Federal Rules of Civil Procedure on this 26th day of January, 2023.

Marcus Jarrod Payne
1667 W. Campbell Road, #5418
Garland, TX 75044
(214) 791-6036
mmjpayne@gmail.com

*/s/ Melissa Dorman Matthews*
Melissa Dorman Matthews

13