IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS JARROD PAYNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-2926-M |
| | § | |
| THE ANTHONY SCOTT LAW FIRM | § | |
| PLLC a/k/a BRENDETTA ANTHONY | § | |
| SCOTT and STACY ELEY (PAYNE), | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT STACY ELEY'S BRIEF IN SUPPORT OF MOTION
TO DISMISS AND FOR DETERMINATION OF VEXATIOUS LITIGANT**

TO THE HONORABLE COURT:

Defendant Stacy Eley ("Eley") supports her Motion to Dismiss and For Determination of Vexatious Litigant as follows:

**BACKGROUND**

1. This is the second defamation lawsuit, and one of numerous legal proceedings, spanning seven different courts, that Plaintiff *pro se* has pursued against his ex-wife Eley. Dismissals, monetary sanctions, groundless and bad faith findings, and a permanent injunction have not deterred Plaintiff. *See Payne v. Payne (In re Payne)*, 2022 Bankr. LEXIS 3321 (Bankr. N.D. Tex. Nov. 22, 2022). Plaintiff describes his claims as First Amendment civil rights violations and infliction of emotional distress. Plaintiff's sole basis for these allegations is Defendants' filings in a bankruptcy adversary proceeding. (Complaint ¶¶ 7-16). He does not allege wrongful conduct or acts outside of the bankruptcy litigation. *Id.* Indeed, his only alleged damages arise from Judge Jernigan's rulings, accusing her as a "higher-up co-conspirator." (Complaint ¶ 16). Plaintiff's claims are frivolous, unfounded and in bad faith. They do not support a cause of action, as a matter of law, because actions

in judicial proceedings are absolutely privileged.  Eley also requests the Court to declare Plaintiff a vexatious litigant to prevent further harassing and meritless filings and litigation.

## FACTS

2. Eley adopts the facts set forth in Defendants The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott's Brief in Support of Their Motion to Dismiss Plaintiff's Complaint.  FED. R. CIV. P. 10(c).  Eley further relies on the facts set forth in the bankruptcy case, summarized in *In re Payne*, 2022 Bankr. LEXIS 3321. Eley also adopts the pleadings in that adversary proceeding. FED. R. EVID. 201.

## ARGUMENT

**A.      Plaintiff's Complaint Fails to State a Claim Because Eley is Immune From Liability.**

3. FED. R. CIV. P. 8(a) requires a "plain statement of the claim showing the pleader is entitled to relief."  This standard applies to self-represented litigants.  *Eckhardt v. IRS*, 2022 U.S. Dist. LEXIS 122470, at *5 (S.D. Tex. July 7, 2022).  Failure to do so mandates dismissal.  FED. R. CIV. P. 12(b)(6).  The plaintiff must plead a facially plausible claim.  *Gilson v. Alvarez*, 2022 U.S. Dist. LEXIS 143321, at *5 (W.D. Tex. Aug. 11, 2022).  Dismissal under 12(b)(6) motion is appropriate when the plaintiff does not present "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  This includes claims barred by immunity or privilege.  *Fringe Ben. Grp. v. FCE Benefit Adm'rs, Inc.*, 2018 U.S. Dist. LEXIS 214849, at *7 (W.D. Tex. Dec. 21, 2018) ("On its own motion...the Court will address whether the counterclaims should be dismissed...because they are barred by Texas's judicial proceeding privilege."); *Melgarejo v. 24 Hour Prof'l Janitorial Servs.*, 2008 U.S. Dist. LEXIS 60616, at *4 (N.D. Tex. Aug. 7, 2008).

4. Plaintiff does not state a plausible claim as a matter of law because Eley is immune from liability under the facts alleged. Communications in the due course of a judicial proceeding are absolutely privileged. *Oberc v. Fairlane Capital Inc.*, 2016 U.S. Dist. LEXIS 70227, at *19-21 (N.D. Tex. May 2, 2016) (citations omitted). Public policy protects litigants' rights in unfettered judicial proceedings. *Id*. Although labeled a privilege, the rule mandates complete immunity from suit. *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999). The immunity extends to any communication or act by a party or counsel, among others, during a juridical proceeding. *Oberc*, 2016 U.S. Dist. LEXIS 70227, at *19-21  Immunity is absolute; the falsity of the statement and the actor's intent is immaterial. *Fringe Ben. Grp.,* 2018 U.S. Dist. LEXIS 214849, at *8. The privilege is not limited to defamation claims. *Id*. Immunity extends to any claim that implicates the public policy of allowing unfettered statements in judicial proceedings without fear of liability. *Id*.

5. Plaintiff sues for First Amendment violations under the guise of federal due process and civil rights statutes (Complaint ¶¶ 23-27), and intentional infliction of emotional distress. (Complaint ¶¶ 38-41). The facts alleged arise solely from Plaintiff's bankruptcy and the adversary proceedings therein. (Complaint ¶¶ 9-15). Regardless of the title, Plaintiff sues Eley for communications and acts in the bankruptcy proceedings. Because the communications and acts, taken as true, occurred in a legal proceeding, Eley is immune from suit. *See Melgarejo*, 2008 U.S. Dist. LEXIS 60616, at *7 ("this immunity extends even to false or malicious statements directed at the opposing party"). This immunity is absolute, *Fringe Ben. Grp.,* 2018 U.S. Dist. LEXIS 214849, at *8, barring Plaintiff's claims as a matter of law. Plaintiff's complaint should be dismissed because Eley is immune from suit on the claims alleged.

B.  **Alternatively, Plaintiff's Complaint Fails to State a Claim Because There Are No Cognizable Facts Supporting Those Claims.**

6.  Plaintiff's claims are also barred, separate from immunity, because he does not allege facts to state a plausible claim.  Eley adopts and incorporates co-Defendants The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott's Brief in Support of Their Motion to Dismiss Plaintiff's Complaint (at pages 7 through 12) in support of this argument.  FED. R. CIV. P. 10(c).

C.  **Dismissal of Plaintiff's Complaint Should Be Without Leave to Amend.**

7.  Whether dismissed for immunity or failure to plead a plausible claim, Plaintiff's claims should be dismissed without leave to amend.  There are no set of facts that allow Plaintiff to assert a plausible claim against Eley (or her counsel or Judge Jernigan).  *Parsons v. Horace Mann Educators Corp.,* 2019 U.S. Dist. LEXIS 87032, at *9 (N.D. Tex. May 3, 2019).  Eley requests that Plaintiff's claims be permanently dismissed, with prejudice.  *Id.*

C.  **Request to Deem Plaintiff a Vexatious Litigant.**

8.  Dismissal by itself will not deter Plaintiff from future bad faith litigation as shown by his litigation history.  Eley moves the Court to deem Plaintiff a vexatious litigant to stop his ongoing abuse and harassment of her, her counsel and the legal system.

9.  Federal courts are inherently powered to protect the efficient and orderly administration of justice and to command respect for the court's orders, judgments, procedures, and authority.  *Holmes v. Motor Home Specialist*, 2022 U.S. Dist. LEXIS 166601, at *14-15 (N.D. Tex. Aug. 30, 2022); FED. R. CIV. P. 11.  Courts may sanction abusive litigation practices, particularly when a *pro se* litigant has a history of frivolous claims.  *Id.* This power extends to sanctions over bankruptcy proceedings. *Schum v. Fortress Value Recovery Fund I LLC*, 2019 U.S. Dist. LEXIS 226679, at *12-18 (N.D. Tex. Dec. 2, 2019).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Courts weigh the following factors in deciding whether to impose pre-filing sanctions against vexatious litigants:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;
>
> (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;
>
> (3) the extent of the burden on the courts and parties resulting from the party's filings; and
>
> (4) the adequacy of alternative sanctions.

*Holmes*, 2022 U.S. Dist. LEXIS 166601, at *14-15.  Available sanctions include a prefiling injunction prohibiting filings without first obtaining leave of court. *Schum*, 2019 U.S. Dist. LEXIS 226679, at *12-18.  The Court can issue injunctive relief if: 1) the litigant has engaged in a lengthy and abusive history of litigation; 2) the litigant receives notice and an opportunity to oppose the court's order before it is imposed; and 3) the court provides guidelines regarding how to obtain permission to make future filings. *Schum*, 2019 U.S. Dist. LEXIS 226679, at *12-18.

10.   Plaintiff's history merits a pre-filing sanction to prevent further bad faith conduct.  As detailed in *In re Payne*, 2022 Bankr. LEXIS 3321, Plaintiff and Eley were divorced in 2019.  The Dallas County state family court signed an Agreed Divorce Decree on December 2, 2019, which includes injunctions, and anti-harassment provisions, indemnity, and release language.  Despite his agreement, Plaintiff flaunted the decree, abused the court system and perpetually harassed Eley with multiple court filings, all related to issues that were either agreed or adjudicated in their divorce.[1]

11.   <u>First Defamation Lawsuit</u>:

- Plaintiff sued Eley for defamation in the 134th Judicial District Court for acts occurring prior to the divorce decree;

---

[1] Eley summarizes those papers and proceedings for ease of discussion.  The pleadings are on file in the Northern District or in published opinions and the Court may take judicial notice of those documents.  FED. R. EVID. 201.

**DEFENDANT STACY ELEY'S BRIEF IN SUPPORT OF MOTION
TO DISMISS AND FOR DETERMINATION OF VEXATIOUS LITIGANT** – Page 5

- The defamation suit was transferred to family court. Plaintiff frivolously appealed that transfer order. The appellate court dismissed that appeal and imposed costs against Plaintiff;

- The family court dismissed the defamation suit based on releases in the divorce decree and awarded Eley $20,000 in attorney's fees and expenses for the baseless and frivolous lawsuit;

- Undeterred, Plaintiff appealed that dismissal decision. The state appellate court affirmed the dismissal. *Payne v. Payne*, 2021 Tex. App. LEXIS 2502 (Tex. App.-Dallas Apr. 1, 2021, no pet.).

*In re Payne*, 2022 Bankr. LEXIS 3321, at *4.

12. Post-Divorce QDRO Lawsuit:

- Under the divorce decree, Plaintiff was obligated to obtain post-divorce retirement proceeds at his expense. He failed to do so. Therefore, Eley was forced to incur the costs and fees to rectify that issue since Plaintiff did not accept redlined changes from the QDRO Expert and retired judge that Eley hired to review and edit Plaintiff's poorly drafted QDROs. Plaintiff refused to discuss or accept the recommended edits to his inadequately prepared QDROs and instead filed suit against Eley in January 2020 to initiate Post-Divorce proceedings;

- The family court accepted the three QDROs that Eley's expert and former judge prepared on Eley's behalf instead of Plaintiff's defective QDROs. The family court also determined that Plaintiff's actions were groundless and harassing. The family court awarded Eley sanctions and attorneys' fees of $13,456.00, $4,853.36, $1,100.00, and $5,000.00 across several orders and judgments, including specific findings that Plaintiff's various objections in those proceedings were groundless and harassing.

*In re Payne*, 2022 Bankr. LEXIS 3321, at *4-5.

13. The Bankruptcy Injunction and Contempt Proceedings:

- Plaintiff sought bankruptcy protection to avoid paying the various family court attorneys' fees and sanctions awards to Eley. Eley objected to the discharge of those attorneys' fees and sanctions;

- Plaintiff disparaged and harassed Eley by filing and sending documents and emails containing scandalous information about Eley that had been expunged. This occurred frequently, included sending disparaging information to Eley's aunt, co-worker and sorority sister;

- Judge Jernigan entered a temporary restraining order and a permanent injunction against Plaintiff. The injunction prohibits Plaintiff from "filing any pleadings and from sending any emails, mailings or communications regarding police reports, mugshots, pictures and any descriptions regarding what has been expunged plus anything that is defamatory, scandalous, annoying, alarming and/or harassing to Plaintiff;"

- Plaintiff untimely attempted to appeal the injunction order. Judge Lindsay dismissed the appeal. *Payne v. Payne*, 3:22-CV-2440-L (N.D. Tex. Nov. 8, 2022) [Dkt. #4];

- Plaintiff filed a Motion to Vacate the Permanent Injunction with the bankruptcy court. *In Re Payne*, 22-3030 (Bankr. N.D. Nov., 9, 2022) [Dkt. #147]. Judge Jernigan denied the motion. [*Id*. at Dkt. #157];

- Plaintiff attempted to appeal the denial of his motion to vacate injunction. [*Id*. at Dkt. #162];

- Plaintiff filed an Amended Motion for Certification to Court of Appeals. [*Id*. at Dkt. #168]. Judge Jernigan denied the motion. [*Id*. at Dkt. #175];

- During or in addition to his attempts to relitigate court decisions, Plaintiff continued to submit scandalous and derogatory information about Eley. These filings violated the Injunction. Eley filed a Motion for Contempt in the Bankruptcy Court. [*Id*. at Dkt. #190];

- Judge Jernigan entered a Contempt Order on December 12, 2022. [*Id*. at Dkt. #186]. The Contempt Order also ordered Plaintiff to remit $13,554.47 in attorney's fees and costs for the contempt proceedings and an additional $20,000.00 in punitive sanctions;

- Plaintiff was not deterred. He did not pay those amounts as ordered and filed this lawsuit on December 30, 2022. Eley filed two additional contempt motions. [*Id*. at Dkt. ## 190, 196];

- Judge Jernigan recently closed the adversary proceeding for want of jurisdiction. She denied all pending motions "without prejudice to the parties' rights, if any, to seek relief from another court of competent jurisdiction." [*Id*. at Dkt. #199].

14. Plaintiff morphed a straightforward divorce into multiple groundless and bad faith proceedings, forcing Eley to incur well over sixty thousand in attorneys' fees subsequent to the divorce, relitigating and refusing to comply with court decisions. Monetary sanctions, injunctions and contempt findings have not deterred his abuse.

15. Under the factors set forth in *Holmes*, 2022 U.S. Dist. LEXIS 166601, at *14-15 and its progeny, pre-filing sanctions are appropriate against Plaintiff because he is a vexatious litigant. Under the first factor, Plaintiff has a plain and immediate history of litigation against Eley. He sued her twice for defamation, despite those claims being barred by release or operation of law. He relitigated Judge Jernigan's decisions on multiple occasions, and continues to do so including an

attempt to add her as a Defendant to this lawsuit. And he continues to violate the Injunction by, among other items, pursuing this lawsuit.

16. The second factor merits a vexatious litigant finding. Plaintiff does not have a good faith basis for his actions. Both the state courts and the Bankruptcy Court have found that Plaintiff's actions are in bad faith, groundless and harassing. This lawsuit is yet another attempt to relitigate Judge Jernigan's decisions, attacking her in the process. (Complaint ¶ 16). The third factor, the burden on the courts and the parties, is significant. Plaintiff has imposed upon four state courts and three federal courts (and counting). The burden on Eley, and now her counsel, is plain and quantifiable. To date, Plaintiff has been ordered to remit over $77,000.00 in attorneys' fees and sanctions, excluding attorneys' fees and costs associated with state court appeals and the pending bankruptcy appeal. Because Plaintiff is purportedly destitute, Eley has little chance of recovering those awards. For similar reasons, the fourth factor of monetary or other sanctions are futile. Monetary sanctions, an Injunction, and a contempt finding did not deter Plaintiff. Absent pre-filing sanctions, Plaintiff will continue to burden Eley, the courts, and her counsel without retribution. Plaintiff is a vexatious litigant. Significant action should be taken to prevent further harassment.

17. Guidelines must be provided as to what the enjoined litigant must do to obtain permission to make future filings. *Schum,* 2019 U.S. Dist. LEXIS 226679, at *17. Eley requests that Plaintiff not be allowed to file any documents in a United States court (appellate, district or bankruptcy) without first obtaining the permission of this Court. *Id*. This remedy is appropriate based on Plaintiff's conduct, and necessary to prevent further harassment and waste of judicial resources.

WHEREFORE, PREMISES CONSIDERED, Defendant Stacy Eley respectfully requests that the Court dismiss Plaintiff's Complaint without leave to amend, that pre-filing sanctions be imposed against Plaintiff, and for such other relief as the Court deems appropriate.

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 – Telecopier


By: /s/ *Jim McCown*
James M. McCown
Jmccown@vmdslaw.com
State Bar No. 00788002

ATTORNEYS FOR DEFENDANT STACY ELEY

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of February, a true and correct copy of the foregoing was served by electronic mail on Plaintiff and all counsel of record via the Court's ECF system.

/s/ *Jim McCown*
James M. McCown