## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS JARROD PAYNE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2926-M-BK |
| | § | |
| THE ANTHONY SCOTT LAW FIRM | § | |
| PLLC, ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Now before the Court are Defendants' motions to dismiss.[1] For the reasons that follow, *Defendants The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott's Motion to Dismiss Plaintiff's Complaint*, Doc. 6, and *Defendant Stacy Eley's Motion to Dismiss and for Determination of Vexatious Litigant*, Doc. 14, should be **GRANTED**.

### I. BACKGROUND

In 2021, Plaintiff filed for Chapter 7 bankruptcy. Doc. 3 at 3. Plaintiff alleges that his former wife, Stacy Eley ("Eley"), through her counsel, The Anthony Scott Law Firm PLLC a/k/a Brendetta Anthony Scott ("Scott") (collectively, the "Scott Defendants"), then filed an adversary complaint in the bankruptcy court to collect on debts owed Eley from previous judgments or orders rendered against Plaintiff. Doc. 3 at 3. Later, Eley, again through the Scott Defendants,

---

[1] Defendants' amended motions to dismiss, Doc. 29; Doc. 31, should be terminated as moot as the Court struck Plaintiff's Fifth Amended Complaint from the record. *See* Doc. 34.

sought a permanent injunction to prohibit Plaintiff from sharing information regarding Eley's criminal history, which Plaintiff asserts the bankruptcy court judge "conspired with Defendants" to grant even though "Plaintiff was the victim." Doc. 3 at 4-5, 7. Plaintiff further alleges that the permanent injunction was used to "assess attorney fees, sanctions, a contempt motion, and numerous other injuries against and damages onto [him]" based on Defendants' false accusations that he defamed and harassed Eley. Doc. 3 at 5.

Plaintiff subsequently filed this *pro se* civil action against Defendants for compensatory and punitive damages, alleging violations of his First Amendment right to freedom of speech under 42 U.S.C. § 1983, an unlawful conspiracy to violate the same under 18 U.S.C. §§ 241-42[2], and a common law claim for intentional infliction of emotion distress ("IIED"). Doc. 3 at 6-11.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, "the court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation omitted). To survive a motion to dismiss, a party's

---

[2] The Court notes that Plaintiff also cites to 18 U.S.C. § 371 in his operative complaint, Doc. 3 at 1, but does not attempt to allege facts to support any such claim. Accordingly, Plaintiff fails to assert a violation under section 371. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (finding that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

"[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

## III. ANALYSIS

### A. *The Scott Defendants' Have Immunity*

The Scott Defendants argue they have attorney immunity as (1) they represented Eley in Plaintiff's bankruptcy proceedings; (2) as part of that representation, Scott "filed an adversary action to enforce Plaintiff's debts to Eley and moved the bankruptcy court for a Permanent Injunction based on Plaintiff's conduct"; and (3) "[t]he bankruptcy court's grant of partial summary judgment to [Eley], and its grants of the Permanent Injunction, are the very reasons for Plaintiff's present lawsuit against Defendants." Doc. 7 at 6. In response, Plaintiff contends that the Scott Defendants forfeited their attorney immunity when they conspired with the bankruptcy court judge ("Judge Jernigan") and Eley to censor and deprive him of his First Amendment right to freedom of speech and expression. Doc. 12 at 2.

The attorney immunity doctrine is "properly characterized as a true immunity from suit, not as a defense to liability." *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016). The doctrine provides that law firms and "attorneys are immune from civil liability to non-clients 'for actions taken in connection with representing a client in litigation.'" *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quoting *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). It applies only to "the kind of conduct in which an attorney engages when discharging his duties to his client[,]" and not to conduct which is "entirely foreign to the duties of an attorney." *Id.* at

3

482 (internal citations and quotes omitted).  Additionally, the doctrine is not limited to the context of litigation.  *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 79 (Tex. 2021).

Here, the Scott Defendants enjoy attorney immunity.  Although Plaintiff claims that the Scott Defendants engaged in a conspiracy to violate his constitutional rights, which would conceivably go beyond Scott's duties as an attorney, Plaintiff fails to proffer facts or legal authority to support his theory that Scott filing an adversary complaint and seeking a permanent injunction on behalf of her client is not the type of "conduct in which an attorney engages to discharge [her] duties to [her] client."  *Cantey Hanger, LLP*, 467 S.W.3d at 485.

Accordingly, because the Scott Defendants are immune from suit, Plaintiff's claims against them should be **DISMISSED WITH PREJUDICE**.

### B.  Eley's Judicial Communications Privilege

"[C]ommunications made during the course of judicial, quasi-judicial, or legislative proceedings are 'absolutely privileged'" and "not a mere defense to liability."  *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999) (quoting *Reagan v. Guardian Life Ins.*, 166 S.W.2d 909, 912 (Tex. 1942)).  The privilege "extends to any statement, regardless of its falsity or malice, made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case."  *See James v. Brown*, 637 S.W.2d 914, 917-18 (Tex. 1982); *Reagan*, 166 S.W.2d at 912 ("The falsity of the statement or the malice of the utterer is *immaterial*.") (emphasis added).  The privilege further extends to any claim, even if it is not framed as defamation, which is "advanced to circumvent the policy behind the privilege, that is, allowing citizens to make statements in judicial proceedings without fear of having to answer in damages."  *Fringe Benefit Grp. v. FCE Benefit Adm'rs, Inc.*, No. A-18-CV-

369-LY, 2018 WL 6728486, at *3 (W.D. Tex. Dec. 21, 2018) (citing *Bird v. W.C.W.*, 868 S.W.2d 767, 771-72 (Tex. 1994); *see also Reagan*, 166 S.W.2d at 912 (finding that public policy supports the rule as "the good it accomplishes in protecting the rights of the general public outweighs any wrong or injury which may result to a particular individual.").

The Texas Supreme Court, however, "has never held that this privilege bars all civil causes of action arising from communications made during the course of a judicial proceeding." *Tulloch v. JPMorgan Chase & Co.*, No. H-05-3583, 2006 WL 197009, at *3 (S.D. Tex. Jan. 24, 2006); *see Shanks*, 169 F.3d at 995 & n.8 (recognizing that "[i]t is unclear whether, under Texas law, absolute immunity bars all causes of action from communications during a . . . judicial proceeding."). Absolute privilege will apply when the claim is based on injuries which flow from "the *communication* of allegedly false statements during a judicial proceeding." *Laub v. Pesikoff*, 979 S.W.2d 686, 691-92 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (emphasis in original) (affirming dismissal of claims against testifying medical experts in divorce proceeding for libel and slander, tortious interference with a contract, civil conspiracy, IIED, negligence, and federal and state constitutional violations).

Here, Eley is absolutely privileged from suit as to Plaintiff's IIED claim. Although Plaintiff does not label his IIED claim as defamation, he bases the claim solely on Eley's communications with the Court, including the filing an adversary complaint and motions for sanctions, which he repeatedly alleges are based on "false accusations" that he is a "harasser" and "defamer." As such, the "essence" of Plaintiff's IIED action is the harm he suffered due to Eley's "false" statements to the bankruptcy court in their prior case. *Id.* Thus, Eley enjoys absolute privilege from suit on Plaintiff's IIED claim, and such should be **DISMISSED WITH PREJUDICE**.

5

However, Eley does not provide, and the Court does not find, sufficient support to show that the Texas judicial communications privilege applies to federal causes of action, such as those alleged here, when the court is exercising federal question jurisdiction, rather than diversity jurisdiction. *Cf. id.* at 688-89; 691-92 (dismissing the party's state and federal constitutional claims pursuant to Texas' judicial communications privilege). Accordingly, the Court concludes that Eley lacks privilege from suit for Plaintiff's section 1983 and section 241 and 242 causes of action.

### C. *42 U.S.C. § 1983 Claim*

Plaintiff alleges Defendants violated his constitutional rights under section 1983 by (1) acting "under color of state and federal law as an officer of the court"; and (2) conspiring with Judge Jernigan to "censor, persecute, damage, [and] incarcerate" Plaintiff through the use of injunctions, sanctions, and contempt proceedings. Doc. 3 at 5-10. Defendants argue Plaintiff fails to state a plausible section 1983 claim since (1) Scott is "a private attorney who asserted the interests of her client, . . . Eley, rather than the interests of the State or any public body"; and (2) Plaintiff's complaint has "no allegations of an actual conspiracy between Defendants because it makes conclusory allegations of a conspiracy with no facts that suggest an agreement." Doc. 7 at 9 (quotation and citation omitted); *see also* Doc. 15 at 4 (Eley's Brief) (adopting and incorporating the Scott Defendant's brief pursuant to Federal Rule of Civil Procedure 10(c)).

To state a claim under section 1983, a plaintiff "must allege that some person, acting under state or territorial law, has deprived him of a federal right." *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994). "The law is clear that a private attorney who merely represents a client in a civil proceeding . . . does not act under the color of state law." *Dolenz v. Akin*, No. 3:95-CV-1605-P, 1997 WL 21388, at *3 (N.D. Tex. Jan. 14, 1997) (collecting cases) (Solis, J.),

*aff'd*, 129 F.3d 612 (5th Cir. 1997) (unpublished) (per curiam).  A private party, however, "may

be held liable under [section] 1983 if he or she is a 'willful participant in joint activity with

the State or its agents.'"  *Cinel*, 15 F.3d at 1343 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S.

144, 152 (1970)).

      Private party "coconspirators act under color of law and can be sued for damages in

a section 1983 action when they involve a judge in their plot, regardless of whether the judge can

be brought to justice [because of immunity] for [her] part in the scheme."  *Sparks v. Duval Cnty.*

*Ranch Co.*, 604 F.2d 976, 983 (5th Cir. 1979).  To support a conspiracy allegation, the

plaintiff must assert facts which demonstrate (1) an agreement between the private defendants

and the state actor to commit an illegal act, *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir.

1982); and (2) an actual deprivation of the plaintiff's constitutional rights, *Villanueva v.*

*McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).  Allegations that are merely conclusory, without

reference to specific facts, will not suffice to convert a private actor into a state actor for

purposes of section 1983.  *Arsenaux*, 726 F.2d at 1024.

      Even if the Scott Defendants had lacked attorney immunity, Plaintiff does not plead

sufficient facts to state a claim under section 1983 against either the Scott Defendants or Eley.

Defendants, as an attorney and a client in a bankruptcy proceeding, acted as private parties when

engaging in the activities that Plaintiff asserts violated rights.  *See Dolenz*, 1997 WL 21388, at *3

(finding that the private attorney and client in a civil proceeding "were not state actors by virtue

of [the attorney's] status as a lawyer").  Further, Plaintiff's assertion that Defendants conspired

with Judge Jernigan to violate his rights does not demonstrate that Defendants are state actors

simply because they filed successful motions against him in the bankruptcy action based on

"false accusations" that he had harassed and defamed Eley.  *See Cinel*, 15 F.3d at 1343-

44 (stating that simply alleging a conspiracy between state and private actors, without alleging facts that suggest an agreement, is not enough to overcome a Rule 12(b)(6) motion).

Because Plaintiff fails to demonstrate that Defendants were state actors, Plaintiff's section 1983 claim should be **DISMISSED**.

### D. *18 U.S.C. §§ 241-42 Claims*

Notwithstanding the Scott Defendants' immunity from suit here, Plaintiff cites to sections 241 and 242 to support his claim that Defendants conspired to violate his right to freedom of speech. Doc. 3 at 6-10. Defendants argue "[t]he law is clear that Sections 241 and 242 do not provide for civil remedies or a private cause of action." Doc. 7 at 10; Doc. 15 at 4. Plaintiff responds that these sections "are not limited to criminal causes of action." Doc. 12 at 14.

Sections 241 and 242 provide criminal penalties for the deprivation of rights, privileges, or immunities protected by the Constitution or federal law. 18 U.S.C. §§ 241-42. Indeed, these sections "do not provide a basis for civil liability." *Gill v. State of Tex.*, 153 F. App'x 261, 262 (5th Cir. 2005). "Further, decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id.* (citations omitted). Therefore, Plaintiff's sections 241 and 242 claims should be **DISMISSED**.

## IV. LEAVE TO AMEND

"Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed" unless "the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted). Here, while Plaintiff requests leave to amend, Doc. 12 at 15, granting such would be futile and cause needless delay. First, in Plaintiff's response brief, he did not proffer any acts which could refute either the Scott

Defendants' absolute immunity or Eley's immunity as to his IIED claim.  Second, Plaintiff fails to offer additional facts capable of overcoming the deficiencies of his section 1983 claim.  *See id.* (finding that the plaintiff's failure to state any material facts that would be included in his amended complaint showed he had pled his best case).  Finally, Plaintiff's sections 241 and 242 claims are fatally infirm as explained *supra*.  Under these facts and circumstances, a grant of leave to amend the Complaint is not warranted.

## V. VEXATIOUS LITIGANT

Eley requests that the Court (1) "deem Plaintiff a vexatious litigant to stop his ongoing abuse and harassment of her, her counsel[,] and the legal system"; and (2) require Plaintiff to obtain permission from the Court "to file any documents in a United States court (appellate, district or bankruptcy)."  Plaintiff alleges (1) Defendants appeared in his bankruptcy proceeding to harass him; (2) he has sued Eley for defamation "only once"; (3) he is not attempting to relitigate Judge Jernigan's decisions in order to attack Eley, but rather, is presently suing for violations of his First Amendment rights; and (4) Eley's request to deem Plaintiff as a vexatious litigant is retaliatory conduct.  Doc. 26 at 11.

The Court has the inherent power to further the efficient and orderly administration of justice and to demand respect for its orders, judgments, procedures, and authority.  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  As part of its inherent power, the Court may levy sanctions in response to abusive litigation practices, such as when a *pro se* litigant repeatedly submits frivolous claims.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993) (collecting cases).  *Pro se* litigants cannot "harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Hous., N.A.*, 808

F.2d 358, 359 (5th Cir. 1986).  Before imposing a pre-filing sanction, the Court must weigh the

following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious,
> harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for
> pursuing the litigation, or simply intended to harass; (3) the extent of the burden on
> the courts and other parties resulting from the party's filings; and (4) the adequacy
> of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).  Moreover, "imposition

of a sanction without a prior warning is generally to be avoided."  *Moody v. Baker*, 857 F.2d 256,

258 (5th Cir. 1988) (per curiam) (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866 (5th Cir.

1988) (en banc)).  That general rule is not applicable, however, where the complaint is merely

the latest in a string of cases dismissed as frivolous.  *Id.*

Here, the Court takes judicial notice of the documents filed in Plaintiff's bankruptcy

proceedings and Judge Jernigan's attendant orders to establish the vexatiousness of Plaintiff's

conduct.  *See* FED. R. EVID. 201 (providing that a court may take judicial notice of adjudicative

facts); *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004)

(discussing the doctrine of judicial notice under which one court may take notice of another

court's judicial actions, including records of litigation).  In particular, the Court takes judicial

notice of Judge Jernigan's (1) June 17, 2022 temporary restraining order, which enjoined

Plaintiff from harassing Eley; (2) July 13, 2022 permanent injunction, which prohibited Plaintiff

and others acting on his behalf from "directly or indirectly harassing [Eley] by filing any

pleadings and from sending" communications "regarding police reports, mugshots, pictures and

any descriptions regarding what has been expunged plus anything that is defamatory, scandalous,

annoying, alarming and/or harassing to [Eley]"; (3) December 12, 2022 order holding Plaintiff in

civil contempt for violating the restraining order and permanent injunction; and (4) award of

Eley's attorneys' fees and costs incurred in litigating the resulting motions Eley filed to strike and seal certain of Plaintiff's filings and for contempt as well as $20,000.00 in sanctions.  *See Payne v. Payne*, No. 22-ap-03030-SGJ, Doc. #186.  Additionally, the Court takes judicial notice of Judge Jernigan's December 6, 2022 order denying Plaintiff's request to certify a direct appeal to the Fifth Circuit, which summarizes Plaintiff and Eley's (1) post-divorce litigation, including a state court action Plaintiff filed against Eley for defamation and related torts, which resulted in sanctions of $20,000.00 against Plaintiff; and (2) continued actions in the adversary proceeding, including Plaintiff's repeated, unsuccessful attempts to vacate Judge Jernigan's July 2022 permanent injunction.  *See Payne v. Payne*, No. 3:22-CV-02709-X, Doc. #32 at 11-17 (N.D. Tex.); *see also Payne v. Payne*, No. 22-ap-03030-SGJ, Doc. #92 at 34-43 (state court orders sanctioning Plaintiff).  Plaintiff recently filed yet another appeal in the adversary proceeding, again seeking to vacate the permanent injunction.  *See Payne v. Payne*, No. 3:22-CV-02709-X (N.D. Tex.) (filed Dec. 5, 2022).  Additionally, he has repeatedly attempted to amend his complaint in this action to name Judge Jernigan as a Defendant.  *See* Doc. 23; Doc. 25; Doc. 27; Doc. 33; Doc. 40.

Based on the *Baum* factors, a pre-filing sanction against Plaintiff is appropriate.  First, Plaintiff has a pervasive and unsuccessful history of litigation against Eley as evidenced above. Second, there is no apparent good faith basis upon which Plaintiff repeatedly forces Eley into litigation, especially when the state and bankruptcy courts have found Plaintiff's actions to be "groundless" and "harassing."  Doc. 7 at 2-4; Doc. 15 at 5-7.  Third, by detailing Plaintiff's previous filings, Eley shows that Plaintiff's "repeated efforts have extensively burdened multiple tribunals by . . . straining the courts' dockets."  *Schum v. Fortress Value Recovery Fund I LLC*, No. 3:19-CV-00978-M, 2019 WL 7856719, at *5 (N.D. Tex. Dec. 2, 2019) (Lynn, C.J.), *aff'd*

*sub nom. Matter of Renaissance Radio, Inc.*, 805 F. App'x 319 (5th Cir. 2020). Fourth, Plaintiff's past conduct demonstrates that less severe sanctions will not deter his efforts. Specifically, the family court awarded Eley sanctions and attorney's fees based on Plaintiff's conduct; and despite Judge Jernigan holding Plaintiff in contempt of court and assessing attorney's fees and costs against him for violating that court's permanent injunction, Plaintiff again violated the injunction and filed this case to essentially relitigate the validity of such. *See id.* (finding that "alternative lesser measures [would] not deter" the movants efforts as he had "already been sanctioned or threatened with sanctions" by a bankruptcy judge, district court, and federal commission) (quotation omitted).

Because of Plaintiff's previous sanctions for recurrently filing frivolous actions, Plaintiff was on notice that his current behavior could subject him to sanctions. *See Moody*, 857 F.2d at 258 (finding a *Thomas* warning unnecessary when a party repeatedly files frivolous actions). Thus, the Court should find that Plaintiff has engaged in a pattern of vexatious conduct and issue a pre-filing injunction in the following form:

> It is therefore ORDERED that Marcus Jarrod Payne ("Payne") is prohibited from proceeding with any civil action in this court against Stacy Eley Payne unless he first obtains leave to proceed in this court from a district judge of this court. This prohibition applies regardless of whether Payne files the action in this court, in another court and it is removed to this court, or in any other federal court and it is transferred or appealed to this court. If a civil action is removed, transferred, or appealed to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal, transfer, or appeal, Payne seeks, in writing, leave from a district judge of this court to proceed in this court.

## VI. CONCLUSION

For the foregoing reasons, *Defendants The Anthony Scott Law Firm, PLLC and Brendetta Anthony Scott's Motion to Dismiss Plaintiff's Complaint*, Doc. 6, and *Defendant Stacy Eley's*

*Motion to Dismiss and for Determination of Vexatious Litigant*, Doc. 14, should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

  **SO RECOMMENDED** on May 5, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).